Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4157 | **DATE** | 12/3/2001 |
| **CASE TITLE** | RAYMOND SMITH vs. CHGO. POLICE OFFICERS DANIELS, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant Carl Carter's 12(b)(6) motion to dismiss plaintiff's complaint against him is granted with prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 04 2001 | |
| | Notified counsel by telephone. | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 DEC -3 PM 3:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAYMOND SMITH )
)
    Plaintiff, )
)
v. ) Judge Ronald A. Guzman
)
CHICAGO POLICE OFFICERS ) 01 C 4157
SERENA DANIELS, MICHAEL )
WILLIAMS, CARL CARTER and )
STAFFORD WILSON, )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Before the Court is defendant Carl Carter's Federal Rule 12(b)(6) motion to dismiss plaintiff's complaint against him. He alleges that the doctrine of *res judicata* bars plaintiff's claims. For the reasons provided below, defendant's motion is granted.

### Facts

On December 3, 1999, plaintiff Raymond Smith filed a complaint in the Circuit Court of Cook County alleging claims of assault and battery arising out of events occurring on June 4, 1999 between himself and a number of City of Chicago police officers. In his complaint, plaintiff named the City of Chicago, Serena Daniels, Michael Williams, Carl Carter and Stafford Wilson as defendants. (Compl. ¶¶ 2-6.) Defendant filed a motion to dismiss this complaint for failure to state a cause of action pursuant to § 735 ILCS 5/2-615 on April 7, 2000. Plaintiff's attorney did not respond to this motion, and did not appear before the court. After hearing the arguments of the counsel that were present, the court granted defendant's motion to dismiss all counts against him with prejudice on May 31, 2000.

Then, on June 4, 2001, plaintiff filed a complaint in the federal court alleging excessive force and false arrest arising out of the incident that occurred on June 4, 1999. Defendant filed a motion to dismiss this complaint alleging that plaintiff's claims were barred under the doctrine

1

of *res judicata*, as the state court judge had entered a final judgment on the merits.

## **DISCUSSION**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Burns & Assoc., Inc. v. Prestige Products Group, L.L.C.*, No. 00 C 2933, 2001 WL 830975, at *1 (N.D. Ill. Jun. 20, 2001). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Here, the Court must determine whether the plaintiff's federal claims are barred by *res judicata*. Since an Illinois state court rendered the initial judgment, this Court must apply Illinois law to determine whether *res judicata* bars plaintiff's claims. *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955 (7th Cir. 1998) (citing 28 U.S.C. § 1738; *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 381 (1985)). "Under the doctrine of *res judicata*, a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involving the same cause of action." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 302, 703 N.E.2d 883, 889 (1998). "The bar extends to what was actually decided in the first action, as well as those matters that could have been decided in that suit." *Id.* In order to apply the doctrine of res judicata, three requirements must be met: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies." *Id.*

The privity requirement is clearly met, as the parties do not dispute the fact that plaintiff's state and federal claims involve the same parties. They do, however, dispute the other two requirements. Defendant contends that in granting defendant's motion to dismiss with prejudice, the state court entered a final adjudication on the merits such that *res judicata* applies, while plaintiff argues that the judgment in the state court was not a final judgment on the merits because "judgments on the merits are when the facts have been litigated." (Pl.'s Resp. at 5.)

2

Plaintiff contends that an untimely response goes to the procedure and that the facts of the case were never argued before the state court.

First, it is important to note that the attorneys present in the state court argued the motion in front of the judge, so the judge did hear the facts. As such, plaintiff's contention that the facts were never heard is incorrect. Second, defendant correctly points out that plaintiff's argument is not supported by statute or case law. The Court acknowledges that the case law clearly indicates that when a court grants a motion to dismiss with prejudice, it is considered a final adjudication on the merits. *River Park*, 703 N.E.2d at 889; *People v. Chicago Illinois Midland Railway* Co., 258 Ill. App. 3d 409, 629 N.E.2d 1213,1215 (1994); *Petit v. City of Chicago*, 766 F. Supp. 607, 611 (N.D. Ill. 1991). Furthermore, when a court grants a motion to dismiss pursuant to 735 ILCS § 5/2-615 it constitutes an "involuntary dismissal," and an involuntary dismissal is treated as a final adjudication on the merits. *Slavov v. Marriott Int'l, Inc.* 990 F. Supp. 566, 570 (N.D. Ill. 1998). Thus, the state court's dismissal of plaintiff's claims pursuant to 735 ILCS § 5/2-615 was a final judgment on the merits.

The parties' final arguments rest on the identities of the causes of action. They each argue in support of the test they believe should be used to determine if the same cause of action is at issue. Defendant argues in support of the "same transaction" test. Under the same transaction test, "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 703 N.E.2d at 893. Plaintiff, on the other hand, argues in support of the "same evidence" test. What constitutes a cause of action is narrower under this test than under the transactional test, because the test is tied to theories of relief. *Id.* at 892. So, under this test, "two claims may be part of the same transaction, yet be considered separate causes of action because the evidence needed to support the theories on which they are based differs." *Id.*

The Court notes that the Illinois Supreme Court recently chose the transactional test as

3

the exclusive test to apply in Illinois, holding that, "approval of the transactional test necessitates a rejection of the same evidence test . . . the same evidence test is not determinative of identity of cause of action." *Id.* at 893. As the transactional test is the appropriate test to apply in Illinois, the Court has disregarded plaintiff's argument in support of and under the same evidence test.

Under the transactional test, the question is whether the state claim and the federal claim arise from the same core of operative facts. Looking at the complaints plaintiff filed in the state and federal courts, it is clear that plaintiff's state and federal claims arise from the same group of operative facts occurring on June 4, 1999 between himself and the named City of Chicago police officers. While it is true that plaintiff did not bring the same claims, he could have. So, even though different theories of relief are forwarded, they arise from the same core of operative facts as plaintiff's previous complaint. As such, plaintiff's state and federal claims constitute the same cause of action for purposes of applying *res judicata*.

Plaintiff's proper remedy for the dismissal of his claims in state court would have been to enter an appeal to the appropriate appellate court in Illinois, which he did not do. He cannot now seek to bring new claims in federal court based on the same events of June 4, 1999. Accordingly, plaintiff's claims before this Court are barred by the doctrine of *res judicata*.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss plaintiff's claims against him is granted with prejudice.

SO ORDERED: 12/3/01    ENTER.

HON. RONALD A. GUZMAN
United States Judge