# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 4157 | DATE | 3/26/2003 |
| CASE TITLE | Raymond Smith vs. Chgo. Police Officers Daniels, et a | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: the grants in part and denies in part defendants' motion for partial summary judgment [401-]. Final pretrial order to be submitted on 5/15/03 at 2:30p.m. in open court.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | MAR 2 8 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | TBK | courtroom deputy's initials | 03 MAR 27 PM 4:02 | date mailed notice |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Judge Ronald Guzmán |
| CHICAGO POLICE OFFICERS ) | |
| SERENA DANIELS, MICHAEL ) | 01 C 4157 |
| WILLIAMS, CARL CARTER, and ) | |
| STAFFORD WILSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Raymond Smith has sued defendant Chicago Police Officers Serena Daniels, Michael Williams, Carl Carter,[1] and Stafford Wilson for civil rights violations pursuant to 42 U.S.C. § 1983 ("section 1983"). Before the Court is defendants' motion for partial summary judgment under Federal Rule of Civil Procedure ("Rule") 56. Defendants do not seek summary judgment as to Count I (excessive force). For the reasons provided in this Memorandum Opinion and Order, the Court grants defendants' motion as to Count II (false arrest), grants in part and denies in part defendants' motion as to Count III (conspiracy), and grants in part and denies in part defendants' motion as to Count IV (failure to intervene).

## FACTS

Unless noted, the following facts are either undisputed or deemed admitted due to noncompliance with Local Rule 56.1. The following does not include any fact that was

---

[1] Carl Carter was dismissed from the action on December 3, 2001.



unsupported by the proponent's citation to the record.

On June 4, 1999, plaintiff, Raymond Smith was driving a 1986 Oldsmobile Cutlass Supreme in the city of Chicago. Latanya Haggerty, now deceased, was the in the passenger seat of the vehicle. Near the intersection of 89th Street and Cottage Grove Avenue in Chicago, Smith double parked his car in the road and engaged a friend in conversation. Defendant Officers Serena Daniels and Michael Williams pulled up along side of Smith's vehicle in their squad car. Officer Williams told Smith to move his vehicle out of its current illegal position. What words Williams used are disputed because plaintiff alleges that the defendant used derogatory terms and defendant denies saying anything derogatory. Officer Daniels then asked Smith if he had a driver's license and insurance for his vehicle. Without answering the question, Smith pulled his car out of its illegal position and proceeded south on Cottage Grove Avenue.

Officers Daniels and Williams checked their on-board computer which indicated that the license plates on the 1986 Oldsmobile Cutlass Supreme that Smith was driving were not registered to that vehicle. The Officers activated their emergency siren and lights and pulled Smith over near the intersection of 90th Street and Cottage Grove Avenue. Officer Williams approached the driver's side of Smith's vehicle and asked Smith to produce his driver's license and insurance. Smith attempted to produce a letter from the Secretary of State concerning his driving privileges and proof of his insurance through his driver's side window which was partially lowered. Smith refused to roll down his window any further than it was. What Officer Williams did next is disputed because plaintiff alleges that Williams balled his fist and attempted to break the window and defendant denies that he acted in this manner.

2

Before the Officer was finished with the incident, Smith drove off heading south on Cottage Grove Avenue. He then turned right onto 95th Street to approximately Princeton Avenue or Wentworth Avenue where he made a u-turn and headed eastbound on 95th Street back toward Cottage Grove Avenue. Officers Daniels and Williams pursued Smith during this attempted escape. When Smith arrived at the intersection of 95th Street and Cottage Grove Avenue, Officers Wilson and Carter blocked the path of Smith's car. All four Officers exited their vehicles, weapons drawn, and moved toward Smith's car. The Officers ordered Smith and Haggerty to exit the vehicle, but neither of them complied with the order.

Smith put his car in reverse and attempted to flee the area. At this time Officers Daniels, Williams, and Wilson each fired their weapons once at Smith's car. Smith attempted to evade the Officers and drove toward his uncle's newspaper stand, at 64th Street and King Drive, in order to reach a more familiar area. During his somewhat lengthy escape, Smith did not obey traffic lights or signals. The four Officers pursued Smith in their respective squad cars.

After arriving at the newspaper stand, Smith parked his car and unlocked his door. Officers Daniels and Williams pulled their squad car in front of Smith's car while Officers Carter and Wilson pulled their squad car behind Smith's car. The Officers ordered Smith and his passenger out of the vehicle, but neither complied. Officers Carter and Williams forcefully removed Smith from the car. What the Officers did next is disputed. Plaintiff alleges that Officers Carter and Williams threw him to the ground and beat him and that Officers Daniels and Wilson were observing the beating and doing nothing to prevent it. Defendants deny these actions and claim that Officers Carter and

Williams arrested and handcuffed Smith and that Wilson and Daniels approached the passenger side of the car, weapons drawn while Officers Carter and Williams dealt with Smith. Within forty seconds, Smith was taken to the ground and handcuffed by Officers Carter and Williams. Smith did not see where Officers Daniels and Wilson were during the arrest. During the same moment, Officer Daniels shot and killed Latonya Haggerty, the passenger.

## DISCUSSION

Pursuant to Rule 56(c), the court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering the evidence submitted by the parties, the court does not weigh it or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All facts must be viewed and all reasonable inferences drawn in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970); *Shank v. William R. Hague, Inc.*, 192 F.3d 675, 683 (7th Cir. 1999). "If no reasonable jury could find for the party opposing the motion, it must be granted." *Hedberg v. Ind. Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Although the moving party has the initial burden to show that the record presents no genuine issue of material fact, if the nonmovant bears the ultimate burden of proof, "he must then go beyond the pleadings and affirmatively demonstrate a genuine issue of material fact for trial." *Essex v. U.S. Parcel Serv., Inc.*, 111 F.3d 1304, 1308 (7th Cir. 1997) (citing *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322 (1986)).

All counts of the complaint relevant to defendants' summary judgment motion – false arrest, conspiracy, and failure to intervene – are brought under section 1983. Liability under section 1983 requires that "the defendants were acting under color of state law and that the defendants' conduct violated the plaintiff's rights, privileges or immunities secured by the Constitution or laws of the United States." *Lanigan v. Vill. of East Hazel Crest*, 110 F.3d 467, 471 (7th Cir. 1997).

Defendants assert that they are entitled to summary judgment as to Counts II, III, and IV based on qualified immunity. Defendants further argue that there is no genuine issue as to any material fact for trial as to Count II in which plaintiff alleges false arrest, Count III in which plaintiff alleges a conspiracy, and Count IV in which plaintiff alleges failure to intervene.

State officials who occupy positions with discretionary authority and are acting within their official capacities have qualified immunity for allegations that they violated the constitutional rights of a plaintiff. *Jacobs v. City of Chicago*, 215 F.3d 758, 766 (7th Cir. 2000). When defendants seek qualified immunity, a ruling on that matter should be rendered at an early stage of the proceedings in order to avoid the burdens of trial when the doctrine is applicable. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsythe*, 472 U.S. 511, 526 (1985). The doctrine provides immunity from suit rather than a mere defense to liability and is effectively lost if the matter is permitted to go to trial. *Saucier*, 533 U.S. at 200. As such the applicability of qualified immunity is a threshold determination in a motion for summary judgment. *See id.* at 201. Disputes

as to material facts may force this decision to be made at a later point in the proceedings, but qualified immunity must be an initial inquiry. *See id.*; *Mitchell v. Randolph*, 215 F.3d 753, 755 (7th Cir. 2000).

Under the doctrine of qualified immunity, officials are "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). These requirements have been separated into a two-step analysis. First, the court must determine whether the alleged facts, taken in the light most favorable to the nonmoving party, show that the officer's conduct violated a statutory or constitutional right. *Saucier*, 533 U.S. at 201. Then, the court must determine whether those rights were clearly established at the time of the alleged violation. *Id.* Only if both prongs of the test are satisfied may the official be liable for monetary damages. *Saucier*, 533 U.S. at 200.

Due to the vast array of cases and controversies seen in our courts, the plaintiff need not point to cases with identical factual scenarios in order to establish the violation, but must show that the contours of the right have been sufficiently established. *Denius v. Dunlop*, 209 F.3d 944, 950 (7th Cir. 2000). In order for a right to be clearly established "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The plaintiff bears the heavy burden of demonstrating that the right is clearly established, as qualified immunity is "designed to shield from civil liability 'all but the plainly incompetent or those who knowingly violate the law.'" *Donovan v. City of*

*Milwaukee*, 17 F.3d 944, 952 (7th Cir. 1994) (quoting *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989)).

Each Count - false arrest (Count II), conspiracy (Count III), and failure to intervene (Count IV) - will be considered separately to determine whether the Officers are shielded from liability by the doctrine of qualified immunity. The initial inquiry will determine if a constitutional violation has occurred, and if not, qualified immunity will be granted. If the undisputed facts show that constitutional violation has occurred, the inquiry will continue into the determination of whether the constitutional right had been clearly established at the time of the violation.

## I. Count II – False Arrest

The existence of probable cause serves as an absolute bar to a 42 U.S.C. § 1983 claim for false arrest or false imprisonment. *Fernandez v. Perez*, 937 F.2d 368, 370 (7th Cir. 1991). This is true no matter the motive of the officers in arresting the plaintiff. *Schertz v. Waupaca County*, 875 F.2d 578, 582 (7th Cir. 1989). Probable cause exists where "the facts and circumstances within [defendants'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed ... an offense." *Beck v. State of Ohio*, 379 U.S. 89, 91 (1964). A determination of probable cause is based "not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person *in the position of the arresting officer* -- seeing what he saw, hearing what he heard." *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992) (emphasis in original).

7

"At the time of arrest police officers need probable cause that *a* crime was committed, not that the criminal defendant committed all of the crimes for which he or she is later charged." *Calusinski v. Kruger*, 24 F.3d 931, 935 (7th Cir. 1994) (emphasis in original). If an officer has probable cause to believe that an individual has committed a criminal offense, even a relatively minor criminal offense, in his presence, he may, without violating the Fourth Amendment, arrest the offender. *Atwater v. City of Lago Vista*, 532 U.S. 318, 353 (2001).

In *Atwater v. City of Lago Vista*, the police arrested an individual for failure to wear a seatbelt, failure to fasten her children in seat belts, driving without license, and failing to provide proof of insurance. 532 U.S. at 324-25. The Supreme Court upheld this warrantless arrest based on probable cause of the officer witnessing the criminal offenses. *Id.* The minor criminal violations which occurred in *Atwater* are similar to the initial violations conceded by the plaintiff in this case.

Defendants argue that probable cause has been established as to several of the criminal violations charged and that is sufficient to defeat a charge of false arrest under section 1983. In the instant case, the plaintiff "admits that he was double-parked, that the license plates he had on his vehicle were not registered to that vehicle, that he fled from the defendant officers, and that he failed to obey traffic lights and signals." (Pl.'s Mem. Opp'n Defs.' Mot. Summ. J., at 3.) He further admits: "Thus the defendant officers had probable cause to arrest Smith for the various traffic violations." (*Id.*)

Because Smith concedes there was probable cause to arrest him for several criminal offenses, the disputed facts concerning the charge of aggravated assault of a police officer are insufficient to raise a genuine issue of material fact regarding Smith's

8

false arrest claim. So long as the officers had probable cause to arrest for one criminal violation, Smith's false arrest claim is barred. No constitutional violation has been established, and thus the Court grants qualified immunity to Officers Daniels, Williams, and Wilson with regard to Count II, Smith's section 1983 claim based on false arrest. Accordingly, defendants' motion for summary judgment as to Count II is granted.

## B. Count III – Conspiracy

A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act ... the principle element of which is an agreement between the parties 'to inflict a wrong against or injury upon another,' and 'an overt act that results in damage.'" *Hampton v. Hanrahan*, 600 F.2d 600, 620-21 (7th Cir. 1979) (quoting *Rotermund v. U.S. Steel Corp.*, 474 F.2d 1139, 1145 (8th Cir. 1973)), *overruled on other grounds*, 446 U.S. 754 (1979). This agreement may be either express or implied between the conspirators. *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Due to the covert nature of the offense, direct evidence of the conspiratorial agreement need not be demonstrated, but "[c]ircumstantial evidence may provide adequate proof of conspiracy." *Hoffman-LaRoche, Inc. v. Greenberg*, 447 F.2d 872, 875 (7th Cir. 1971). Liability for a civil conspiracy requires more than an agreement among conspirators and a plaintiff must show both that a conspiratorial agreement was formed and that an actual deprivation of his rights resulted from the conspiracy. *Hampton*, 600 F.2d at 624-25.

Defendants argue that the plaintiff has not offered any evidence to establish the existence of an express or implied agreement between defendant Officers Daniels, Williams, and Wilson and therefore summary judgment is appropriate on Count III

9

alleging a conspiracy under 42 U.S.C. § 1983. Plaintiff argues that the course of conduct of the defendants provides enough circumstantial evidence in order for the jury to infer the existence of a conspiracy. For the following reasons, the Court agrees with the position of the plaintiff.

The existence of a conspiratorial agreement may be inferred by the circumstances of each case, but some facts must be alleged in order to create this circumstantial inference. *See Quinones v. Szorc*, 771 F.2d 289, 291 (7th Cir. 1985). Sufficient facts must be alleged and supported from which a conspiracy may be inferred; conclusory allegations of a conspiracy are not sufficient. *Id.* "Self-serving assertions without factual support in the record will not defeat a motion for summary judgment." *McDonnell v. Cournia*, 990 F.2d 963, 969 (7th Cir. 1993). Although a plaintiff must provide more than "[m]ere conjecture" that an agreement was reached, it is recognized that a plaintiff's ability to allege the act of agreement in detail is often unavoidably limited. *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1208 (7th Cir. 1980). "The very nature of a conspiracy obscures most, if not all, information about the alleged conspirators' agreement; circumstantial evidence of the conspiracy, particularly regarding the overt acts performed in furtherance of the conspiracy, is all that is ordinarily obtainable before discovery and trial." *Quinones*, 771 F.2d at 291. Hence, a general allegation of an agreement to conspire, accompanied by allegations of specific acts performed in furtherance of the conspiracy, will fulfill the agreement requirement. *Id.* These factual allegations must suggest a meeting of the minds in order to withstand the current motion. *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991). Determining the existence of a conspiratorial agreement is within the province of the jury, and the plaintiff must

allege sufficient facts to support the jury's inferring such an agreement. *See Hampton*, 600 F.2d at 621.

The plaintiff in this case has alleged several overt acts of the police officers carried out in furtherance of a conspiracy. The undisputed fact that defendants discharged their weapons in the direction of the vehicle and the disputed facts of their collective beating and handcuffing the plaintiff while he was on the ground, when viewed in a light most favorable to the non-moving party, support a claim of conspiracy to use excessive force. The plaintiff's factual assertions regarding defendants' overt acts plus the general allegation of an agreement support the inference of a conspiracy, even without specific facts to substantiate that an express agreement existed. Plaintiff has adequately established a genuine issue as to the first requirement of a conspiratorial agreement to withstand a motion for summary judgment.

The second requirement for a conspiracy claim is that an actual deprivation of the plaintiff's right occurred. Thus, the allegation of this conspiracy must be separated into three distinct parts, one for each substantive allegation of the complaint – a conspiracy to use excessive force, a conspiracy to falsely arrest plaintiff, and a conspiracy to fail to intervene to prevent a civil rights violation from occurring - for a determination of whether, when viewing all facts in a light most favorable to the non-moving party, a rational finder of fact could find that the plaintiff's rights were violated.

With regard to the conspiracy to use excessive force, defendants have not moved for summary judgment perhaps because there are disputed facts concerning whether the violation occurred. Further, material facts needed to prove the conspiracy, namely overt acts in furtherance of the conspiracy, are disputed, thus summary judgment as to Count

III as it relates to a conspiracy to use excessive force is inappropriate. Because there is a dispute regarding material facts concerning the application of qualified immunity, namely whether a constitutional violation occurred, the Court will not make a determination of qualified immunity at this time. Accordingly, the Court denies defendants' motion for summary judgment as to Court III with regard to conspiracy to use of excessive force.

Next, with regard to the conspiracy to falsely arrest, as discussed in Part I.A. *supra*, Smith has not met his burden in raising a genuine issue of material fact as to his false arrest claim, and summary judgment has been granted as to Count II. Therefore, a claim of conspiracy to falsely arrest the plaintiff cannot survive the motion for summary judgment. Since no substantive constitutional violation occurred, no rational jury could find a conspiracy to falsely arrest plaintiff existed. The Court grants qualified immunity to Officers Daniels, Williams, and Wilson and grants their summary judgment motion as to that portion of Count III alleging a conspiracy to falsely arrest Smith.

With regard to the conspiracy to fail to intervene, as discussed *infra*, the facts are disputed concerning the location of the officers, what each officer saw, and what each officer was doing at the time of the arrest. Additionally, facts concerning the amount of force are still disputed. All of these material factual disputes make summary judgment as to the conspiracy to fail to intervene inappropriate. The parties dispute the facts necessary to determine whether the constitutional violation occurred. Accordingly, based on this record, the Court cannot determine whether qualified immunity applies as to this particular part of Smith's conspiracy claim. Further, plaintiff has raised genuine issues as to material facts with regard to whether officers knew that a constitutional violation was

12

occurring, had a realistic opportunity to prevent it, and did nothing. The Court therefore denies defendants' motion for summary judgment as to that portion of Count III alleging conspiracy to fail to intervene.

The Court denies defendant's motion for summary judgment as to Count III with regard to a conspiracy to use excessive force and a conspiracy to fail to intervene to prevent a civil rights violation. The Court grants defendants' motion as to Count III with regard to a conspiracy to falsely arrest plaintiff.

### C. Count IV – Failure to Intervene

An officer has "'an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers.'" *Randall v. Prince George's County*, 302 F.3d 188, 203 (4th Cir. 2002) (quoting *Anderson v. Branen*, 17 F.3d 552, 556 (2d Cir. 1994)). The Seventh Circuit has stated that such a duty attaches when an officer observes or has reason to know that a constitutional violation is being committed and possess a realistic opportunity to intervene to prevent the harm from occurring. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). This standard recognizes that in certain limited circumstances bystanding officers are obligated to act. *Randall*, 302 F.3d at 204.

*Byrd v. Birshke*, 466 F.2d 6, 11 (7th Cir. 1972), is the seminal decision establishing a plaintiff's ability to bring a section 1983 claim based on an officer's failure to intervene in another officer's violation of an individual's civil rights. *Regalado v. City of Chicago*, 40 F. Supp. 2d 1009, 1012 (N.D. Ill. 1999). In order for an officer to be held liable under section 1983 in cases of inaction, the plaintiff must show (1) that excessive

force was being used, (2) that a citizen has been unjustifiably arrested, or (3) that any constitutional violation has been committed by a law enforcement official; and that officer had a realistic opportunity to intervene to prevent the harm from occurring. *Yang*, 37 F.3d at 285. Whether an officer has sufficient time to intervene or was capable of preventing the harm caused by the other officers is generally an issue for the trier of fact unless, considering all the evidence, a reasonable jury could not possible conclude otherwise. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 478 (7th Cir. 1997). At least one court has found that "a reasonable jury could find that a nonparticipatory officer who had more than a 'split second' to react to excessive force but 'less than a minute' could have acted to prevent the harm, at least by telling the malfeasant officer to stop." *Thorner v. City of Harvey*, No. 97 C 4573, 1998 WL 355526, at *11 (N.D. Ill. June 24, 1998). However, absent an underlying constitutional violation that the defendants could have prevented, defendants are entitled to summary judgment. *Floyd v. Nelson*, No. 00 C 1079, 2002 WL 1483896, at *11 (N.D. Ill. July 11, 2002).

For the reasons discussed in Part I.A. *supra*, the Court has granted defendants' summary judgment motion with regard to Smith's false arrest claim. Because the Court has found that based on the undisputed facts in the record, no false arrest occurred, the Court grants qualified immunity to Officers Daniels, Williams, and Wilson and grants their summary judgment motion as to Count IV alleging a failure to intervene to prevent a false arrest.

Next, Smith also appears to base his failure to intervene claim on the Officers' failure to intervene to prevent the use of excessive force. The June 4, 1999 incident may be separated into two distinct occurrences: the first transpired when the officers fired

14

their weapons at Smith's car at the intersection of 95th Street and Cottage Grove Avenue and the second transpired when the arrest was completed at the intersection of 64th Street and King Drive. Plaintiff concedes that the only incident upon which the failure to intervene claim is based is the second occurrence, the arrest. (Pl.'s Mem. Opp'n Defs.' Mot. Summ. J., at 6.)

The defense argues that due to the short time period involved (forty seconds), the positions of the officers, and the duties being carried out by the officers, there was no reasonable opportunity to prevent the alleged violations of Smith's civil rights. Plaintiff argues that the officers were observing the alleged beating and took no action.

Courts have recognized that a span of time under a minute long is enough to take some action to prevent a civil rights violation. Further, the facts concerning where each officer was at the time of the arrest and alleged beating are unclear and contested. As is when each officer engaged the plaintiff and his passenger, and the amount of force that was used. Therefore, due to the dispute as to these material facts, the Court denies defendants' motion for summary judgment as to Count IV – failure to intervene to prevent the use of excessive force.

In sum, the Court denies defendants' motion for summary judgment as to that portion of Count IV that is based on the Officers' failure to intervene to prevent the use of excessive force. The Court grants defendants' motion as to that portion of Count IV that is based on the Officers' failure to intervene to prevent a false arrest.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendants' motion for partial summary judgment [doc. no. 40-1]. The Court: (1) grants the motion as to Count II (false arrest); (2) grants the motion as to Count III (conspiracy) as it relates to false arrest; (3) denies the motion as to Count III (conspiracy) as it relates to excessive force and failure to intervene; (4) grants the motion as to Count IV (failure to intervene) as it relates to false arrest; and (5) denies the motion as to Count IV (failure to intervene) as it relates to the use of excessive force.

SO ORDERED    ENTERED: 3/26/03

*/s/ Ronald A. Guzman*
HON. RONALD A. GUZMAN
United States Judge